# CHARLESTON.

## D. M. HENRY v. GEORGE D. DUDLEY.

Submitted October 3, 1922.   Decided October 10, 1922.

1.  SPECIFIC PERFORMANCE—*Where Time Made of Essence by Conduct of Parties, Party in Default Not Entitled to Specific Performance Against the Other.*

    In an executory agreement for the sale of land, though the time appointed for performance is not made originally, by the terms of the contract, of the essence thereof, yet it subsequently may be made material by the circumstances and conduct of the parties; and if so made material, the party in default is not entitled to demand specific execution against the other. (p. 697.)

2.  SAME—*Purchaser of Real Estate by Default in Payments Held Not Entitled to Specific Performance.*

    Where the owner of real estate enters into a contract with another by the terms of which he agrees to sell to such other certain real estate for a definite consideration, one dollar of which is paid in cash, and the residue, being a substantial sum, is to be paid upon a date named, at which time the vendor is to deliver a good and sufficient deed, with covenants of general warranty of title, conveying said real estate to the vendee, and the vendor upon the day named tenders a deed in accordance with the requirements of the contract and demands payment of the purchase money, with which demand the vendee is unable to comply, and the vendor then leaves the deed at a bank to be delivered upon payment of the purchase money which remains unpaid for more than one year, and the vendor then attempts to rent the property to a third party, contending that the vendee, by failing to pay the purchase money, has lost his rights under the contract, and the vendee contests the right of the vendor to rent the property, and to settle this controversy the parties then agree that the vendor may rent the property for one year but that the vendee may take the same by paying the purchase money within nine months, in which case he will get the last three months rent, but that the purchase money must be paid within said nine months, time is thereafter made of the essence of the contract, and if the vendee fails to pay the purchase money within the nine months, he will not thereafter be entitled to demand specific execution of the contract. (p. 697).

Appeal from Circuit Court, Pocahontas County.

Suit by D. M. Henry against George D. Dudley for specific performance of a contract for the sale of real estate. From a decree denying plaintiff relief and dismissing his bill, he appeals.

*Affirmed.*

*F. R. Hill,* for appellant.
*L. M. McClintic,* for appellee.

RITZ, JUDGE:

The defendant by this appeal seeks reversal of a decree denying him the right to have specifically performed an executory contract for the sale of a lot situate in the town of Bartow, in Pocahontas county.

It appears that on the 25th of January, 1917, the defendant, being the owner of a certain lot in the town of Bartow, known as lot No. 1, in block 127, agreed to sell the same to the plaintiff for the sum of $500.00. Their agreements were reduced to writing, which writing was signed by both of the parties. It provides for the sale of the lot by the defendant to the plaintiff, recites that one dollar of the purchase money is paid cash in hand, and that the remainder, $499.00, is to be paid on the first of April, 1917, and further provides that upon the payment of the remaining $499.00 the defendant will execute and deliver to the plaintiff a good and sufficient deed conveying the said lot, with covenants of general warranty of title. It appears that there was upon this lot an old warehouse, and that upon the execution of the contract aforesaid the plaintiff took possession of this warehouse. On the first of April, 1917, the defendant, having before that time executed and acknowledged a deed, with covenants of general warranty, conveying the property to the plaintiff, tendered said deed to him and demanded payment of the residue of the purchase money. The plaintiff was not able to pay the same at that time, but offered to give his note for the $499.00 and take the deed. This the defendant declined to accept, but deposited the deed in a bank to be delivered to

the plaintiff at any time upon the payment by him of the purchase money aforesaid. It appears that matters remained in this condition until early in the month of May, 1918, when the defendant came to the place of residence of the plaintiff, and undertook to rent the premises to a third party. The plaintiff objected to this and insisted that he was entitled to hold the possession of the premises. The defendant insisted that by failing to pay the purchase money and take up the deed the plaintiff was no longer in position to demand a conveyance of the property. This controversy between them was settled by the defendant agreeing to give the plaintiff nine months further time within which to pay for and take the property, and the plaintlff surrendered the possession of the property and permitted the defendant to rent it for one year with the understanding that if he took the property at the end of the nine months he should have the last three months of the rent. The defendant's tenant went into the possession of the premises and occupied the same for a year, and paid the rent thereon to the defendant. Shortly after returning to his home, after making the above arrangement, it seems that some controversy arose between the plaintiff and the defendant's tenant in regard to the possession of the premises, and the defendant wrote to the plaintiff his understanding of their contract and arrangement. This letter was written on June 13th, 1918, and in it he states that their arrangement was that he should have nine months further time in which to take the property, but that he must pay the purchase money within that time, and that the time would expire on the 8th of February, 1919. The parties admit that this letter correctly stated their agreement. The plaintiff did not pay, nor offer to pay the purchase money prior to or on the 8th of February, 1919, and the defendant contends that after that time he was no longer under obligation to convey the property to the plaintiff, or to recognize that he had any rights therein. At the expiration of the term for which the defendant had rented the premises he again rented the same to another tenent for the term of one year, and the rents

were regularly paid by this tenant to the defendant in accordance with the terms of his contract. It appears that shortly after this tenant went into possession the plaintiff insisted that he was entitled to collect the rents, and the tenant, in order to avoid any controversy or any inconvenience, entered into a contract with the plaintiff by which he rented the premises from him for the very same term for which he had already rented them from the defendant, and paid the rent to both parties during the continuance of this term. The defendant was, however, entirely ignorant of the fact that his tenant was also paying rent to the plaintiff.

Some time after the expiration of the nine months the plaintiff went to the defendant's residence in Highland county, Virginia, for the purpose, as he says, of arranging to take over the property. He did not have any money at that time, but he says he had made arrangements to get the money at a bank upon the security of the property. He found the defendant just preparing to leave home, and was informed by him that he did not have time to talk to him on that occasion, but that he would take the matter up later. The defandant admits that the plaintiff did call upon him on this occasion, but says that all he told him was that his automobile was waiting, and that he could not talk to him at that time. Sometime after this, (it does not appear just how long, but evidently it must have been a considerable time because of the fact that this suit was not instituted for more than a year after the time of the conversation above referred to) the plaintiff says he wrote a letter to the defendant demanding that he make him a deed for the property, and advising him of his readiness to pay the purchase money; that he received no answer to this letter, and he thereupon called the defendant on the telephone and advised him that he was ready to pay the purchase money and demanded a deed; that he was then informed by the defendant that he would not make a deed; that he did not consider that the plaintiff had a right to demand anything under the contract, and that he at once employed an attorney and instituted this suit, which appears from the record to have been instituted on the first

of September, 1920. Upon this state of facts being shown the court below denied the plaintiff relief and dismissed his bill.

The defendant in support of the decree contends that while time is not ordinarily of the essence of a contract for the sale of real estate, still it may be made so by the parties, either by express provision, or by such conduct as makes it clearly appear that such was the intention of the parties. In this case the original contract between the parties provided for the payment of the purchase money and the delivery of the deed on the first of April, 1917. Neither party treated a failure to comply with this requirement as defeating their rights under the contract, but for more than a year after the time had expired within which the purchase money was to be paid, during all of which time the defendant stood ready, tendering performance upon his part, the plaintiff did nothing toward the performance of the contract, and then in May, 1918, entered into a subsequent agreement with the defendant by which he was given nine months longer within which to perform. Viewing this case in the light of the surroundings and of the conduct of the parties we think this arrangement made in 1918 amounted in effect to the conversion of the original contract into an offer upon the part of the defendant to sell this land to the plaintiff if he paid the purchase price by the 8th of February, 1919. It must be borne in mind that at that time the defendant was insisting that the plaintiff had waited too long, and had lost his rights under the contract, while on the other hand the plaintiff was insisting that at that time he was still entitled to take the land, and it was to settle this controversy that the defendant agreed to give him the additional nine months, with the positive agreement that the money would be paid within that time. In the light of these circumstances we cannot but conclude that by his agreement the parties made payment of the money on or before the 8th of February, 1919, an essential requirement of the contract. It is well established by authority that even though a contract for the sale of real estate may not make the time of performance an essential, still

that the parties may subsequently, either by an additional contract, or by conduct bearing that interpretation, make it an essential element, and this is just what we think the parties did by their agreement in May, 1918. *Jackson* v. *Ligon,* 3 Leigh 161; Waterman on Specific Performance § 460.

The decree of the lower court being in accordance with this conclusion, the same is affirmed.

*Affirmed.*